**Jonna RILEY, Appellant,**

v.

**MARSHALL HABILITATION CENTER, Respondent.**

**No. WD 63473.**

Missouri Court of Appeals, Western District.

Oct. 12, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 23, 2004.

Application for Transfer Denied Dec. 21, 2004.

Richard L. Beaver, Jefferson City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Yvette Guerra Hipskind, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before BRECKENRIDGE, P.J., and SMART and HOWARD, JJ.

### Order

PER CURIAM.

Appellant Jonna Riley ("Riley") appeals from the Circuit Court of Cole County's judgment affirming the decision of the Missouri Personnel Advisory Board ("the Board"), which affirmed Riley's suspension without pay from her employer, Respondent Marshall Habilitation Center ("MHC"). In Point I, Riley argues the Board erred in ruling that Section 36.370.1 RSMo authorizes suspensions of employees without pay pending resolution of criminal charges, because interpreting Section 36.370.1 RSMo to apply to criminal charges is contrary to the presumption of innocence that is impliedly encom-passed in the United States Constitution, in that Riley was suspended without pay from her merit system employment because of pending criminal charges unrelated to her employment. In Point II, Riley argues the Board erred in finding there was no convincing evidence that Riley's suspension was for other reasons than what was stated in the suspension notices, because the finding is not supported by the record as a whole and is thus arbitrary, capricious, unlawful and an abuse of discretion in that the evidence fully established that MHC actually suspended Riley for numerous reasons not referred to in the suspension notice and therefore the notices violate the due process requirements of Section 36.370 RSMo. We have reviewed the parties' briefs and the record on appeal. No error of law appears. A written opinion would serve no jurisprudential purpose. We have, however, prepared a memorandum for the use of the parties only, setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).